## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE BURNS, | ) | |
| | ) | Civil Action No. 12 – 239 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MARSHALL FIKE, *C/O 1*, ANDREW | ) | |
| SCHNEIDER, *C/O 1*, JOHN | ) | ECF No. 22 |
| CONNOR, *C/O 1*, | ) | |
| SUPERINTENDENT FOLINO, | ) | |
| TRACEY SHAWLEY, and DORINA | ) | |
| VARNER, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Theodore Burns (hereinafter referred to as "Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging claims under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Defendants Shawley, Folino and Varner have filed a Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 22) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion will be granted.

### I.  Allegations

Plaintiff's claims stem from an incident that occurred on November 21, 2010, as he was on his way to the SCI-Greene kitchen for his assigned job at 5:20am. ECF No. 21 at ¶ 10. He alleges that, while approaching the security gate, he was attacked and repeatedly hit with a lock by another inmate while Defendants Fike, Schneider and Connor who were approximately five to

eight feet away simply stood by and watched despite his calling out for help.  Id. at ¶¶ 11-14, 16.

He also alleges that one of the Corrections Officers stated, "Get up, be a man and fight back."

Id. at ¶ 15.  The Kitchen's Supervisor, Mr. Wynn, supposedly disarmed the attacker without help

from the Defendant Corrections Officers.  Id. at ¶ 18.  Plaintiff states that he filed Inmate

Grievance #346961 with respect to the incident but that the Grievance was denied by Defendant

Shawley, the Grievance Coordinator, because it was untimely filed.  Id. at ¶ 24; *see also* ECF

No. 4-2; ECF No. 16 at ¶ 28.  Although Plaintiff dated the Grievance December 8, 2010, it was

not received until December 15, 2010, over fifteen days after the incident occurred.  ECF No. 4-

3; No. 4-4; ECF No. 16 at ¶ 29.  The appeal to Defendant Superintendent Folino was also denied

based on the late submission.  ECF No. 4-4.  Plaintiff's final appeal to the Secretary's Office was

also denied as untimely by the Chief Grievance Officer, Defendant Varner.  ECF No. 4-5; ECF

No. 16 at ¶ 30.

## II.  Legal Standard

Defendants Shawley, Folino and Varner have filed Motion to Dismiss Plaintiff's Second

Amended Complaint.  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure tests the legal sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183

(3d Cir. 1993).  A complaint must be dismissed for failure to state a claim if it does not allege

"enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v.

Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18,

2009) (citing Twombly, 550 U.S. at 555-57).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in Phillips v. County of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008) (construing Twombly in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of Twombly and Iqbal as follows:

> After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. See Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3.

Fowler, 578 F.3d at 210.

Thereafter, in light of Iqbal, the United States Court of Appeals for the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show

3

that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider indisputably authentic documents. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Golden v. Cook, 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publically available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v.

4

Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).  *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688).  Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.  *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### III. Discussion

Defendants Shawley, Folino and Varner move for dismissal of Plaintiff's Second Amended Complaint based on their lack of personal involvement necessary to establish liability under 42 U.S.C. § 1983.  For liability under 42 U.S.C. § 1983, a defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)).  Recently, the Third Circuit Court of Appeals specified certain instances whereby a supervisor could be liable in a section 1983 action.  In Argueta v. United States Immigration & Customs Enforcement, 643 F.3d 60 (3d Cir. 2011), the court stated:

> . . .  "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also*, *e.g.*, Santiago v. Warminster Twp., 629 F.3d 121, 129 (3d Cir. 2010) ("Instead, Santiago's allegations appear to invoke a theory of liability under which 'a supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.'") (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004)) (footnote omitted).  "It is also possible to

5

establish section 1983 supervisory liability by showing a supervisor tolerated past or ongoing misbehavior." Baker v. Monroe Township, 50 F.3d 1186, 1191 n.3 (3d Cir. 1995) (citing Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 724-25 (3d Cir. 1989)). We further indicated that a supervisor may be liable under § 1983 if he or she implements a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct. See, e.g., Brown v. Muhlenberg Township, 269 F.3d 205, 216 (3d Cir. 2001).

Argueta, 643 F.3d at 72.

Importantly for this case, inmates do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977); Speight v. Sims, 283 F. App'x 880, 881 (3d Cir. 2008) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001), stating that "the existence of a prison grievance procedure confers no liberty interest on a prisoner.") Moreover, personal knowledge of constitutional violations cannot be established solely as a result of addressing grievances. See Dellarciprete, 845 F.2d at 1208. Additionally, the denial of a grievance or mere concurrence in an administrative appeal process is insufficient to establish personal involvement. See Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right."); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); Manns v. Bledsoe, No. 10-1564, 2011 U.S. Dist. LEXIS 102268, 2011 WL 4048781, at *4 (M.D. Pa. Sept. 12, 2011); Mincy v. DeParlos, No. 08-0507, 2011 U.S. Dist. LEXIS 31168, 2011 WL 1120295, at *7 (M.D. Pa. Mar. 24, 2011); Wilkerson v. Schafer, No. 09-2539, 2011 U.S. Dist. LEXIS 25916, 2011 WL 900994,

6

at *7 (M.D. Pa. Mar. 14, 2011) (allegations that defendants "should be held liable for due process violations because they should have become aware of them through their review of his misconduct appeals is insufficient to establish their personal involvement in the underlying unconstitutional conduct"); <u>Logan v. Lockett</u>, No. 07-1759, 2009 U.S. Dist. LEXIS 24328, 2009 WL 799749, at *8 (W.D. Pa. Mar. 25, 2009); <u>Croom v. Wagner</u>, No. 06-1431, 2006 U.S. Dist. LEXIS 64915, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); <u>Ramos v. Pa. Dept. of Corr.</u>, No. 06-1444, 2006 U.S. Dist. LEXIS 51582, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement).

Defendants argue, and the Court agrees, that Plaintiff fails to establish the requisite level of personal involvement of Defendants Shawley, Folino and Varner for liability under § 1983 because the Second Amended Complaint includes no allegations of involvement outside of the grievance review process. Defendant Shawley denied Plaintiff's original grievance as untimely, Defendant Folino denied the appeal, and Defendant Varner denied the final appeal. *See* ECF No. 4-3 at 1; No. 4-4 at 1-3; No. 4-5. Because participation in the grievance review process does not establish the requisite level of personal involvement necessary to establish liability under Section 1983, Plaintiff cannot state a claim with respect to these Defendants.

Plaintiff, on the other hand, argues that these Defendants did more than just participate in reviewing his grievances. He maintains that Defendant Shawley denied him due process and to seek redress of his grievance and access the courts by withholding the identities of the three Corrections Officers who failed to intervene in the alleged inmate assault; Defendants Fike, Schneider and Connor. He further contends that Defendants Folino and Varner acquiesced in

7

Defendant Shawley's misconduct when they were made aware of the violation through the grievance appeal process and therefore they are liable as supervisors.  First, this allegation is rebutted by Plaintiff's own grievance and appeals which show that he did not request the identities of the then unknown Corrections Officers but only grieved about their failure to intervene and inquired as to how they were disciplined.  *See* ECF No. 4-2 at 1.  Nevertheless, as Defendants point out, this is a moot point because the identities of the Corrections Officers were provided to Plaintiff in discovery which Plaintiff used to amend his complaint in order to include them as Defendants.  Therefore, Plaintiff is unable to show any actual injury to his ability to litigate a claim and his constitutional right to access the courts has not been violated.  *See* <u>Lewis v. Casey</u>, 518 U.S. 343, 351-53 (1996); *see also* <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2003); <u>Monroe v. Beard</u>, 536 F.3d 198, 205 (3d Cir. 2008).  Moreover, as noted *supra*, Plaintiff cannot state a due process claim because he has no liberty interest in the prison grievance review process.  *See* <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. at 137-38; <u>Speight v. Sims</u>, 283 F. App'x at 881 (citing <u>Massey v. Helman</u>, 259 F.3d at 647).  For these reasons, Plaintiff's Second Amended Complaint will be dismissed with prejudice against Defendants Shawley, Folino and Varner because it is clear that granting him leave to amend would be futile. *See* <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).  An appropriate Order follows.

**AND NOW**, this 8th day of April, 2013;

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants Shawley, Folino and Varner (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against these Defendants are dismissed with prejudice.

**AND IT IS FURTHER ORDERED** that the Clerk of Court terminate them from this case.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:  **Theodore Burns**
BY-9150
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*